**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Ralph A. EMEIGH, Jr., Appellee.**

Superior Court of Pennsylvania.

Submitted May 15, 2006.

Filed Aug. 8, 2006.

Karen E. Kiebler, Asst. Dist. Atty., Bellefonte, for Com., appellant.

Leslie A. Dutchcot, State College, for appellee.

BEFORE: DEL SOLE, P.J.E., HUDOCK and McCAFFERY, JJ.

OPINION BY DEL SOLE, P.J.E.:

¶ 1 The Commonwealth appeals an order granting Appellee's motion to suppress and the *sua sponte* dismissal of charges brought against him. We reverse and remand for further proceedings.

¶ 2 Appellee was charged with driving under the influence of alcohol and possession of drug paraphernalia. Appellee filed a motion to suppress, following which a hearing was held. The suppression court

granted Appellee's motion and dismissed the charges, determining that the arresting officer did not have sufficient probable cause to stop Appellee's vehicle.

¶ 3 In April, 2005, off-duty police officer, Sergeant David Mulfinger, merged into the center lane of Aaron Drive to make a left turn. While Sgt. Mulfinger was in the center lane, Appellee made a wide right turn onto Aaron Drive and into Sgt. Mulfinger's lane of traffic. Sgt. Mulfinger testified at the hearing that he had to swerve to avoid being hit by Appellee.

¶ 4 Sgt. Mulfinger observed Appellee park his vehicle in a Uni–Mart convenience store parking lot. He pulled into an adjacent parking lot and contacted an officer in the area. Sgt. Mulfinger observed Appellee exit his vehicle and approach a pay-phone. At this point, responding officer Cory Despot notified Sgt. Mulfinger that he was observing Appellee from a parking lot across the street from the Uni–Mart. Officer Despot testified that he observed Appellee stagger upon returning to the vehicle.

¶ 5 Officer Despot followed Appellee's vehicle as it proceeded back onto Aaron Drive. While following the vehicle, Officer Despot observed Appellee weaving within his lane of traffic. Appellee turned into an apartment complex, whereupon Officer Despot activated his emergency lights and effectuated a vehicular stop.

■ ¶ 6 The Commonwealth in this appeal asks whether the suppression court erred in finding that the arresting officer lacked cause to stop Appellee's vehicle and therefore in granting Appellee's motion to suppress evidence obtained as a result of that stop.

■ ¶ 7 When the Commonwealth appeals from a suppression order, we follow a clearly defined standard of review and consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. *Commonwealth v. Tucker*, 883 A.2d 625, 629 (Pa.Super.2005). We must first determine whether the record supports the factual findings of the suppression court and then determine the reasonableness of the inferences and legal conclusions drawn from those findings. *Id.* In appeals where there is no meaningful dispute of fact, as in the case *sub judice*, our duty is to determine whether the suppression court properly applied the law to the facts of the case. *Commonwealth v. Ruey*, 892 A.2d 802, 807 (Pa.2006).

¶ 8 The suppression court held that Appellee's single wide turn, without more, did not amount to probable cause for Officer Despot to effectuate a stop of Appellee's vehicle. It concluded that one observation of erratic driving by a third party, without supplemental observations by the arresting officer or further observations of erratic driving by the third party, is insufficient to amount to probable cause.

■ ¶ 9 The traffic stop in this case occurred on April 14, 2005; thus consideration of this matter is governed by the recently amended Pennsylvania Motor Vehicle Code. 75 Pa.C.S.A. § 6308(b). The amended statute provides that an officer may stop a vehicle based upon reasonable suspicion that a violation of the Motor Vehicle Code has occurred or is occurring. *Commonwealth v. Ulman*, 2006 PA Super 142, ¶ 14, 902 A.2d 514. The pre-amended statute articulated a heightened probable cause standard, requiring a police officer to have "reasonable and articulable grounds to suspect [that] a violation" had occurred. 75 Pa.C.S.A. § 6308(b) (amended by 75 Pa.C.S.A. § 6308(b) September 30, 2003, effective February 1, 2004). The suppression court erred in applying a

probable cause standard when a reasonable suspicion standard should have been applied to this case.

¶ 10 Reasonable suspicion is a less demanding standard than probable cause because it can be established by information that is different in quantity and quality than that required for probable cause; it can arise from information that is less reliable than that required to show probable cause. *Commonwealth v. Fell*, 2006 PA Super 135, ¶ 5, 901 A.2d 542. For a tip to carry enough indicia to establish reasonable suspicion, a court must look at the quality and the quantity of the information possessed by the police at the time of the stop. *Commonwealth v. Krisko*, 884 A.2d 296, 300 (Pa.Super.2005). A tip that comes from an informer known to the police may carry enough reliability to allow for an investigative stop, even though the same tip from an anonymous source would not. *Id.* Further, this Court has held that an officer does not need to personally observe the illegal or suspicious conduct but may rely on information from third parties, as long as that information is specific in nature and the informant is reliable. *Commonwealth v. Korenkiewicz*, 743 A.2d 958, 964 (Pa.Super.1999). We note that courts are to give due weight to the specific reasonable inferences a police officer is entitled to draw from the facts in light of his or her experience. *Commonwealth v. Cook*, 558 Pa. 50, 735 A.2d 673, 676 (1999).

¶ 11 In the instant case, the informant was an off-duty police officer and specifically described Appellee's erratic driving. Sgt. Mulfinger observed Appellee not only execute the wide right turn, but testified that he had to swerve out the way of Appellee's oncoming vehicle. This information was not only specific in nature but came from a reliable informant. Further, Officer Despot did not act on this information alone but supplemented it with his own observations of Appellee staggering back to his vehicle and Appellee weaving within his lane while driving. The inferences Officer Despot drew from the information and his observations were reasonable in light of his experience as a police officer. We find that the information Officer Despot possessed at the time he effectuated a stop of Appellee's vehicle was sufficient to establish reasonable suspicion that Appellee was operating his vehicle while intoxicated. Accordingly, we find that the suppression court failed to properly apply the law to the facts and conclude that the stop of Appellee's vehicle was valid.

¶ 12 The Commonwealth also questions whether the suppression court erred in *sua sponte* dismissing the charges against Appellee. In view of the fact that we have found the trial court's suppression order must be reversed, the court's corresponding order dismissing the charges must also be reversed.

¶ 13 Order reversed. Case remanded. Jurisdiction relinquished.